# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| PATRICK DILLON, and JAMIE DILLON, as guardians and next best friends of I.C.D.D., a minor child | ) ) ) ) | |
| Plaintiffs, | ) | |
| v. | ) | Case No. CIV-25-484-SLP |
| | ) | |
| MYLES STEPHENSON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **O R D E R**

Before the Court is Defendant Independent School District No. 56 of Caddo County's (the School District's) Motion to Dismiss & Brief in Support [Doc. No. 5]. Plaintiffs filed a Response [Doc. No. 10], and the School District replied [Doc. No. 13]. For the reasons that follow, the School District's Motion is GRANTED.

## I.     **Introduction**

This action arises out of an alleged sexual misconduct incident involving I.C.D.D. and Defendant Stephenson, an employee of the School District.  Plaintiffs, on behalf of their minor child, I.C.D.D., filed suit against the School District and Stephenson.  Plaintiffs assert federal law claims against the School District relating to a violation of Title IX of the Education Amendments of 1972 (Title IX) and a violation of I.C.D.D.'s equal protection rights pursuant to 42 U.S.C. § 1983.  Plaintiffs also allege a Title IX claim against Stephenson.  Furthermore, Plaintiffs alleged various state law claims against both the School District and Stephenson.

The School District has moved to dismiss all of Plaintiffs' claims for failure to state any plausible claims for relief under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## II.    Standard of Review

To withstand a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A facially plausible complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *S.E.C. v. Shields*, 744 F.3d 633, 640 (10th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).  While the complaint need not contain "detailed factual allegations," it must include "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action" to avoid dismissal.  *Twombly*, 550 U.S. at 555.  The Court views the allegations in the light most favorable to the Plaintiffs and draws all reasonable inferences in the Plaintiffs' favor.  *See*, *e.g.*, *Brown v. City of Tulsa*, 124 F.4th 1251, 1263 (10th Cir. 2025).

## III.    Factual Allegations of the Complaint

At all relevant times, I.C.D.D. was a student enrolled in the Boone-Apache School District.  *See* Compl. [Doc. No. 1] at ¶ 7.  Defendant Stephenson was employed as a non-teacher/para-professional for the School District during the same time period.  *Id*. at ¶ 6. Beginning while I.C.D.D. was in the sixth grade, Stephenson engaged in a pattern of inappropriate behavior towards I.C.D.D., which included "hugging, touching her buttocks, purchasing her food, and giving her money." *Id*. at ¶ 9-10.  In January of 2024, the School District provided Stephenson with access to a room within the school without cameras

which "was supposed to remain locked during the [school] day and was not supposed to be occupied by" Stephenson or I.C.D.D.  *Id*. at ¶ 11.  Around January 19, 2024, Stephenson "lured I.C.D.D. into a room alone" and proceeded to "lift[ ] up her skirt, touch[ ] her stomach, and ma[ke] sexual comments to her." *Id*. at ¶ 12.  That same day, Stephenson provided I.C.D.D. with a pizza box containing a $100 bill.  *Id*. at ¶ 13.  I.C.D.D.'s mother reported the incident the next day to the Apache Police Department and Stephenson was subsequently arrested in April of 2024.  *Id*. at ¶ 14.  After the incident, I.C.D.D. was subjected to bullying by peers at her school, which resulted in I.C.D.D. suffering from "severe mental health issues," including "attempting to take her own life," and ultimately changing schools. *Id*. at ¶ 20-22.

## IV.    **Discussion**

### A.  **Title IX Claim Against the School District**

The School District first moves for dismissal of Plaintiffs' Title IX claim.  Although not entirely clear from the Complaint, Plaintiffs allege that the School District is liable for being deliberately indifferent to harassment by I.C.D.D.'s school peers after the January 2024 incident.  *See* Compl. [Doc. No. 1] at ¶¶ 19-22.  To establish school district liability under Title IX for peer-on-peer harassment, a plaintiff "must allege that the district (1) had actual knowledge of, and (2) was deliberately indifferent to (3) harassment that was so severe, pervasive and objectively offensive that it (4) deprived the victim of access to the educational benefits or opportunities provided by the school." *Murrell v. Sch. Dist. No. 1, Denver, Colo.*, 186 F.3d 1238, 1246 (10th Cir. 1999) (citation omitted).  The School District asserts in its Motion that Plaintiffs' allegations as to the first two elements are

conclusory and are not sufficient to withstand a motion to dismiss. *See* Mot. [Doc. No. 5] at 8-10.

Plaintiffs allege that the School District "was made aware of bullying and harassment I.C.D.D. was subjected to by fellow students on [sic] shortly after they began occurring in January of 2024." Compl. [Doc. No. 1] at ¶ 20. However, Plaintiffs also allege "[t]hat after [Stephenson's] arrest, [the School District] was aware of, yet did not intervene, when I.C.D.D. was relentlessly bullied by her peers in connection to the incidents described herein and the arrest of" Stephenson in April of 2024. *Id*. at ¶¶ 15, 17. Such allegations do not demonstrate when School District personnel were actually made aware of the peer-on-peer harassment. Nevertheless, Plaintiffs do not identify how the School District was notified, which personnel of the School District were notified, and what information was provided to the School District regarding the alleged harassment. Without more, it is unclear how the School District had actual notice of the peer-on-peer harassment that was occurring. The conclusory allegation that the School District had "actual knowledge of instances of bullying" does not suffice.

Because Plaintiffs have not adequately alleged that the School District had actual notice of peer-on-peer harassment, the Court is likewise unable to evaluate whether the School District was "deliberately indifferent to *known* acts of" harassment. *Davis v. Monroe Cnty. Bd. of Educ.*, 526 U.S. 629, 643 (1999) (emphasis added). The School District can only be liable for its response (or lack thereof) to harassment of which it was properly notified. The Court finds the failure to allege sufficient facts demonstrating actual

knowledge of the peer-on-peer sexual harassment warrants dismissal of the Title IX claim against the School District.

Similarly, even if the Court construes Plaintiffs' Title IX claim against the School District as relating to employee-student sexual misconduct, the Court would find dismissal proper. A school district cannot be liable under Title IX for employee-student sexual harassment unless the school district "has actual notice of, and is deliberately indifferent to," known acts of harassment. *Gebser v. Lago Vista Indep. Sch. Dist.*, 524 U.S. 274, 277 (1989); *see also, e.g., Davis*, 526 U.S. at 643 (discussing *Gebser*). The School District asserts that it did not have any actual knowledge of Stephenson's conduct. Mot. [Doc. No. 5] at 8. Plaintiffs allege that Stephenson "had been grooming [I.C.D.D.] for years" and "had developed a pattern of inappropriate behavior towards I.C.D.D." Compl. [Doc. No. 1] at ¶¶9-10. Furthermore, Plaintiffs allege that Stephenson was allowed access to a room in the school premises that "was not supposed to be occupied by Defendant or" I.C.D.D. *Id*. at ¶ 11. However, Plaintiffs' Complaint is devoid of facts demonstrating that the School District had knowledge of any of the alleged harassment by Stephenson prior to the January 2024 incident. Plaintiffs also do not allege when the School District became aware of any misconduct of Stephenson. Plaintiffs allege that Jamie Dillon contracted the Apache Police Department on January 20, 2024 regarding the incident. *See id*. at 14. But there are no such allegations as to when the School District became aware of the January 2024 incident and the prior misconduct of Stephenson. The Court finds that Plaintiffs have failed to sufficiently allege that the School District had actual notice of the misconduct of Defendant Stephenson and acted deliberately indifferent to such misconduct.

**B.  Section 1983**

The School District also moves for dismissal of Plaintiffs' § 1983 claim relating to alleged violations of I.C.D.D.'s Fourteenth Amendment Equal Protection rights.  It is established "that sexual harassment by a state actor can constitute a violation of the equal protection clause."  *Murrell*, 186 F.3d at 1249 (citations omitted).  To hold the institution liable, Plaintiffs must establish "(1) that a [School District] employee committed a constitutional violation, and (2) that a [School District] policy or custom was the moving force behind the constitutional deprivation."  *Myers v. Oklahoma Cnty. Bd. Of Cnty. Comm'rs*, 151 F.3d 1313, 1316 (10th Cir. 1998) (citing *Monell v. Dept. of Social Services*, 436 U.S. 658, 694 (1978)).  "In order to establish municipal, or in this case School District, liability . . . a plaintiff must demonstrate that a state employee's discriminatory actions are representative of an official policy or custom of the municipal institution, or are taken by an official with final policy making authority."  *See Murrell,* 186 F.3d at 1250 (citing *Randle v. City of Aurora*, 69 F.3d 441, 446-50 (10th Cir. 1995).  If there is no official policy, the school district "may also be held liable if the discriminatory practice is "so permanent and well settled as to constitute a 'custom or usage with the force of law."  *Id*. (citing *Lankford v. City of Hobart*, 73 F.3d 283, 286 (10th Cir. 1996)).

First, Plaintiffs fail to allege an official School District policy was what drove the constitutional violation.  A plaintiff must not only demonstrate that there was a policy in place, but that the alleged actions against a plaintiff by an employee were pursuant to such a policy.  *See*, *e.g.*, *Murrell*, 186 F.3d at 1238.  Plaintiffs have not alleged that a School District policy was the driving force of Stephenson's unlawful actions.  While Plaintiffs

6

allege employees of the School District failed to follow School District policies generally, Plaintiffs do not specifically identify any School District policies.   More importantly, Plaintiffs' Complaint fails to allege any School District policy encouraged or was the driving force behind I.C.D.D.'s constitutional deprivations.[1]  The Court finds that Plaintiffs failed to assert a municipal liability claim based on a School District policy.

To the extent Plaintiffs argue that the Complaint sufficiently alleges the existence of an unofficial School District custom that violated the Equal Protection clause, such an argument fails.  Plaintiffs allege, "upon information and belief," that the School District had a history of acquiescing to "adult employees sexually harassing and abusing students. . . ." Compl. [Doc. No. 1] at ¶¶ 18, 23.  The Plaintiffs and the School District dispute the sufficiency of the allegations made "upon information and belief" at the motion to dismiss stage.   Allegations based "upon information and belief" have been deemed plausible "where the facts are peculiarly within the possession and control of the defendant . . . or where the belief is based on factual information that makes the inference of culpability possible. *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 120 (2d Cir. 2010) (citations omitted and cleaned up)[2]; *see also*, *e.g.*, *New Mexico v. Cap. One Bank (USA) N.A.*, 980 F. Supp. 2d. 1314, 1321 (D.N.M. 2013).  However, allegations based upon information and belief

---

[1] The allegation that some rooms in the facility were deemed "out of bounds" for Defendant Stephenson and I.C.D.D. would suggest that policies were in place to *prevent* constitutional violations. *See* Compl. [Doc. No. 1] at ¶ 26.

[2] While the School District originally attributed the quoted language to the Tenth Circuit's decision in *Khalik v. United Air Lines*, 671 F.3d 1188, 1190-91 (10th Cir. 2012), counsel for the School District has since clarified that such language is from the Second Circuit's decision in *Arista Records*. *See* [Doc. No. 5] at 2; [Doc. Nos. 12, 15].

are only accepted as true where the complaint also brings forth a specific factual basis that demonstrates such belief. *See Moore v. Kobach*, 359 F. Supp. 3d 1029, 1030 (D. Kan. 2019) ("[T]he question is whether such allegations are supported by specific facts asserted by the Complaint."); see *also Jackson-Cobb v. Sprint United Mgmt.*, 173 F. Supp. 3d. 1139, 1145-46 (D. Colo. 2016). Even when the facts are "peculiarly within the possession and control of the defendant," the complaint must still "set[ ] forth the factual basis for the plaintiff's belief" supporting the allegation. *See Scheidt v. Klein*, 956 F.2d 963, 967 (10th Cir. 1992); see *also Ray v. Ray*, 799 F. App'x 29, 31 n. 2 (2d Cir. 2020) (unpublished). Plaintiffs posit that the School District's history of allowing past sexual misconduct by employees is solely within the possession and control of the School District. *See* Resp. [Doc. No. 10] at 2. However, Plaintiffs bring forth no facts which demonstrate their belief that past sexual misconduct by School District employees against students occurred. Furthermore, Plaintiffs allege no facts demonstrating the School District failed to take corrective action against such employees. The Court finds that the allegations relating to a potential custom of ignoring sexual misconduct are conclusory as there is no supporting factual basis in the Complaint.

Plaintiffs have not sufficiently set forth a custom or policy of the School District which resulted in the alleged violations of I.C.D.D.'s Fourteenth Amendment Equal Protection rights. Accordingly, Plaintiffs' claims under 42 U.S.C. § 1983 against the School District are dismissed without prejudice.

### C. Title IX Claim Against Stephenson

The Court also finds dismissal of the Title IX claim against Defendant Stephenson proper. "Although dismissals under Rule 12(b)(6) typically follow a motion to dismiss . . . a court may dismiss sua sponte when it is patently obvious that the plaintiff[s] could not prevail on the facts alleged, and allowing [them] an opportunity to amend [their] complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991) (cleaned up and internal quotations omitted) (citing *McKinney v. State of Okla. Dep't of Human Servs.*, 925 F.2d 363, 365 (10th Cir. 1991)). The Supreme Court has noted "Title IX reaches institutions and programs that receive federal funds . . . but it has consistently been interpreted as not authorizing suit against school officials, teachers, and other individuals." *Fitzgerald v. Barnstable Sch. Comm.*, 555 U.S. 246, 257 (2009) (citations omitted); *accord Bose v. Bea*, 947 F.3d 983, 989 (6th Cir. 2020); *Cox v. Sugg*, 484 F.3d 1062, 1066 (8th Cir. 2007); *Williams v. Bd. of Regents of Univ. Sys. of Georgia*, 477 F.3d 1282, 1300 (11th Cir. 2007); *Hartley v. Parnell*, 193 F.3d 1263, 1270 (11th Cir. 1999); *Smith v. Metro. Sch. Dist. Perry Twp.*, 128 F.3d 1014, 1019 (7th Cir. 1997). Plaintiffs allege in their Complaint that Defendant Stephenson is liable under Title IX. Because a Title IX claim is not actionable against an individual, Plaintiffs' Title IX claim against Defendant Stephenson must be dismissed for failure to state a claim upon which relief may be granted. Accordingly, Plaintiffs' Title IX claim against Defendant Stephenson is dismissed with prejudice.

### D. State Law Claims

The only remaining claims in this lawsuit are Plaintiffs' state-law claims. The Court declines to exercise supplemental jurisdiction over the state-law claims. *See* 28 U.S.C. §

1367(c)(3) (allowing court to "decline to exercise supplemental jurisdiction" over a state-law claim when it "has dismissed all claims over which it has original jurisdiction . . . ."). The Tenth Circuit has stated that "[n]otions of comity and federalism demand that a state court try its own lawsuits, absent compelling reasons to the contrary." *Thatcher Enters. v. Cache Cnty. Corp.*, 902 F.2d 1472, 1478 (10th Cir. 1990). Moreover, the Tenth Circuit has instructed that "[w]hen all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims." *See Koch v. City of Del City*, 660 F.3d 1228, 1248 (10th Cir. 2011); *see also Brooks v. Gaenzle*, 614 F.3d 1213, 1229 (10th Cir. 2010) (affirming district court's grant of summary judgment on federal claims for excessive force and conspiracy and malicious prosecution but reversing district court's grant of summary judgment on remaining state law claims of assault and battery as "best left for a state court's determination" and declining to exercise supplemental jurisdiction) *abrogated on other grounds by Torres v. Madrid*, 592 U.S. 306 (2021). The Court, therefore, dismisses all of Plaintiffs' remaining state-law claims without prejudice. *See King v. Fleming*, 899 F.3d 1140, 1154 (10th Cir. 2018) ("The Supreme Court has established that generally when a district court dismisses all federal claims before trial, it should dismiss any remaining state-law claims without prejudice." (emphasis in original, citing *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 1966)).

### E. Leave to Amend

Plaintiffs have requested that they be granted leave to amend their pleading should the Court deem dismissal of their claims proper. Plaintiffs' request is wholly conclusory.

10

Plaintiffs fail to identify any relevant additional factual allegations or governing law that would deem leave to amend proper.

Plaintiffs have not filed a formal motion requesting leave to amend. *See Calderon v. Kan. Dep't of Soc. and Rehab. Servs.*, 181 F.3d 1180, 1186–87 (10th Cir. 1999) (Generally, "a court need not grant leave to amend when a party fails to file a formal motion."). Nor have Plaintiffs complied with this Court's local rule governing amendment of pleadings. *See* LCvR 15(a)(2). Under these circumstances, Plaintiffs have failed to provide sufficient notice of the basis for any further amendment. *See Calderon*, 181 F.3d at 1186–87 (explaining "a request for leave to amend must give adequate notice to the district court and to the opposing party of the basis of the proposed amendment before the court is required to recognize that a motion for leave to amend is before it" and noting the Circuit has held an informal request to amend made in a response to a motion to dismiss was insufficient); *see also Albers v. Bd. of Cnty. Comm'rs of Jefferson Cnty., Colo.*, 771 F.3d 697, 706 (10th Cir. 2014) ("[A] bare request to amend in response to a motion to dismiss is insufficient to place the court and opposing parties on notice of the plaintiff's request to amend and the particular grounds upon which such a request would be based."); *Barrett v. Univ. of New Mexico Bd. of Regents*, 562 F. App'x 692, 694–95 (10th Cir. 2014) (mere suggestion in opposition to motion to dismiss that plaintiff should be allowed leave to amend was insufficient; a "formal motion to amend, accompanied by a proposed amended complaint, gives the [trial] judge an opportunity to consider whether the new complaint can pass muster" and "[a] less disciplined approach wastes time and effort"). The Court, therefore, denies Plaintiffs' request for leave to amend.

11

### F.  Incorrect Citations in Plaintiffs' Response Brief

Counsel for Plaintiffs previously identified incorrect citations contained within the Response brief [Doc. No. 10].  *See* Notice of Incorrect Citation [Doc. No. 11].  The Court subsequently directed counsel for the Plaintiffs and School District to state "whether or not they used generative AI in connection with their filings in the action." Order [Doc. No. 14] at 3.  The Court also referenced the Court's Chambers Rules regarding the use of generative AI.  *Id*. at 2.  Plaintiffs' counsel represented to the Court that "AI was not used to generate any content" and that reliance on an AI research assistant "did not supplant counsel's independent review of [ ] cases." Notice [Doc. No. 16].  Upon review of Plaintiffs' Response brief [Doc. No. 10], the Court found three additional incorrect citations associated with Plaintiffs' briefing on compliance with the Oklahoma Governmental Tort Claims Act (GTCA): (1) *Lane v. Buchanan*, 2021 OK CIV APP 8, ¶ 11, 489 P.3d 498, 502 (case does not exist and citations are not related to the GTCA); (2) *Hall v. GEO Group*, *Inc.*, 2021 OK CIV APP 36, ¶ 15, 497 P.3d 136, 1241 (an Oklahoma Supreme Court case with the same name exists, but the indicated reporter citations are incorrect and the case does not support Plaintiffs' proposition); and (3) *Conley v. Board of Regents*, 2002 OK CIV APP 84, ¶ 9, 55 P.3d 567, 570 (the case does not exist and citations are not related to the GTCA).  Such incorrect citations may have been the result of reliance on a generative-AI program.  "By presenting to the court a . . . written motion . . . an attorney . . . **certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances** . . . the claims, defenses, and other legal contentions are warranted by **existing** law . . . ." Fed. R. Civ. P. 11(b)(2) (emphasis added).

As noted by the Tenth Circuit, "[a]lthough there is nothing inherently problematic with the use of [generative AI] in the practice of law, its careless use can waste both judicial resources and the opposing party's time and money, and it can damage the credibility of the legal system." *Moore v. City of Del City*, No. 25-6002, 2025 WL 3471341, at *2 (10th Cir. Dec. 3, 2025) (unpublished).  The Court strongly admonishes counsel for Plaintiffs that the impermissible use of generative AI in future submissions before this Court will result in the imposition of sanctions and any other action the Court deems necessary.

## V.    Conclusion

IT IS THEREFORE ORDERED as follows:

1.      Independent School District No. 56 of Caddo County's Motion to Dismiss [Doc. No. 5] is GRANTED as set forth herein.  Plaintiffs' Title IX claim (Count I) and § 1983 claim (Count II) against the School District are DISMISSED WITHOUT PREJUDICE pursuant to Fed. R. Civ. P. 12(b)(6).

2.      IT IS FURTHER ORDERED Plaintiffs' Title IX claim against Defendant Myles Stephenson is DISMISSED WITH PREJUDICE.

3.      The Court DECLINES to exercise jurisdiction over the remaining state claims.  Accordingly, Counts III, IV, V, VI, and VIII are DISMISSED WITHOUT PREJUDICE.

A separate judgment of dismissal shall be entered contemporaneously with this Order.

IT IS SO ORDERED this 11th day of March, 2026.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE